1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ROBERT WOOTEN,

10            Plaintiff,              No. 2:13-cv-0104 MCE DAD PS

11        v.

12   THE STATE OF CALIFORNIA, et al.,    ORDER AND
                                         FINDINGS AND RECOMMENDATIONS
13            Defendants.

14   _____/

15            Plaintiff, Robert Wooten, is proceeding in this action pro se.  This matter was

16   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

17   Plaintiff commenced this action on January 17, 2013, by filing a complaint (Doc. No. 1), a

18   motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 2), and a motion for

19   emergency relief (Doc. No. 3).

20            Although captioned as a motion for emergency relief, plaintiff's latter filing states

21   merely that the issues implicated by his complaint "can only be resolved by the United States

22   Supreme Court," and that plaintiff is "petitioning that Court to extend probable jurisdiction . . . ."

23   (Doc No. 3 at 1.)  However, there are no allegations evidencing any emergency found in

24   plaintiff's motion.  Accordingly, plaintiff's motion for emergency relief will be denied.

25            Turning to plaintiff's motion to proceed in forma pauperis, plaintiff's in forma

26   pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a

1

1    determination that a plaintiff qualifies financially for in forma pauperis status does not complete

2    the inquiry required by the statute.  "'A district court may deny leave to proceed in forma

3    pauperis at the outset if it appears from the face of the proposed complaint that the action is

4    frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998)

5    (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also

6    Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

7    examine any application for leave to proceed in forma pauperis to determine whether the

8    proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

9    bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must

10   dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

11   if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

12   may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

13   1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

16   based on an indisputably meritless legal theory or where the factual contentions are clearly

17   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

18          To state a claim on which relief may be granted, the plaintiff must allege "enough

19   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

20   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

21   accepts as true the material allegations in the complaint and construes the allegations in the light

22   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

23   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

24   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

25   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

26   true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

1    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

2            The minimum requirements for a civil complaint in federal court are as follows:

3            A pleading which sets forth a claim for relief . . . shall contain (1) a
             short and plain statement of the grounds upon which the court's
4            jurisdiction depends . . . , (2) a short and plain statement of the
             claim showing that the pleader is entitled to relief, and (3) a
5            demand for judgment for the relief the pleader seeks.

6    Fed. R. Civ. P. 8(a).

7            Here, plaintiff's amended complaint does not contain a short and plain statement

8    of his claim showing that he is entitled to relief.[2]  In this regard, plaintiff's amended complaint

9    states that this action "attempts to resolve a major Constitutional conflict between contemporary

10   Courts and the Court of the Slaughter House Cases . . . involving the interpretation of the

11   Fourteenth Amendment."  (Am. Compl. (Doc. No. 4) at 2.)  The amended complaint further

12   alleges that "the State of California has impermissibly administered the oath of office to

13   practicing homosexuals" and that "this is a Christian Nation," which does not permit such

14   individuals to "hold office under either Federal or State Constitutions."  (Id. at 3.)  The next

15   thirty pages of plaintiff's amended complaint reference Blackstone's Commentaries, religion, the

16   writings of James Madison, the separation between church and state, slavery and polygamy,

17   before concluding with seven "Cause[s] of Declarative Relief," seeking, in part, an order from

18   this Court that "Incorporation is null and void," "Homosexuality is licentiousness," and "an oath

19   presupposes the existence of GOD."  Absent from the pages of the amended complaint, however,

20   is a short and plain statement of plaintiff's claim showing that he is entitled to relief.

21           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

22   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

23   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

24   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

25

26           [2] Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff filed an amended
     complaint on January 18, 2013.  (Doc. No. 4.)

1   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

2   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

3   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at

4   555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

5   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

6          Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of

7   any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

8   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

9   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

10  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

11  (1992).[3]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

12  affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

13  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

14          Lack of subject matter jurisdiction may be raised by the court at any time during

15  the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

16  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

17  has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

18  is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

19  v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

20  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

21          The burden of establishing jurisdiction rests upon plaintiff as the party asserting

22  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

23  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

24

25      [3] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.

26  Richards, 504 U.S. 689, 697-99 (1992).

4

1    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

2    within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

3    (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

4    insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

5    jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

6    "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

7    jurisdiction . . . and may be dismissed sua sponte before service of process.").

8            Here, the two parties named as defendants in plaintiff's amended complaint are

9    the United States of America and the State of California.  "T]he basic rule of federal sovereign

10   immunity is that the United States cannot be sued at all without the consent of Congress."  Block

11   v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).  Similarly, no

12   federal agency can be sued unless Congress has explicitly revoked that agency's immunity.

13   Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier

14   v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979).  Put another way, no court has

15   jurisdiction to award relief against the United States or a federal agency unless the requested

16   relief is expressly and unequivocally authorized by federal statute.  United States v. King, 395

17   U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

18           "The question whether the United States has waived its sovereign immunity

19   against suits for damages is, in the first instance, a question of subject matter jurisdiction."

20   McCarthy, 850 F.2d at 560.  Absent a waiver of sovereign immunity, a claim against the United

21   States or a federal agency must be dismissed for lack of subject matter jurisdiction.  See

22   Gerritsen, 989 F.2d at 343; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If

23   conditions are attached to legislation that waives the sovereign immunity of the United States, the

24   conditions must be strictly observed by the courts, and exceptions are not to be readily implied.

25   Block, 461 U.S. at 287.  See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995)

26   /////

1    ("The terms of the United States' consent to be sued in any court define that court's jurisdiction

2    to entertain the suit.").

3              Accordingly, in order to bring an action against the United States, there must be:

4    (1) statutory authority vesting a district court with subject matter jurisdiction; and (2) a waiver of

5    sovereign immunity.  United States v. Park Place Associates, Ltd., 563 F.3d 907, 923-24 (9th Cir.

6    2009); see also Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007).

7    Even where a statute creates subject matter jurisdiction over a case, that statute may not

8    necessarily waive sovereign immunity.  Park Place Associates, 563 F.3d at 924 (citing Arford v.

9    United States, 934 F.2d 229, 231 (9th Cir. 1991) (holding that 28 U.S.C. § 1340 created subject

10   matter jurisdiction, but "[did] not constitute a waiver of sovereign immunity."))  Waivers of

11   sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly

12   construed in favor of the sovereign.  Dunn & Black P.S.v. United States, 492 F.3d 1084, 1088

13   (9th Cir. 2007).  The burden is on the party bringing the action against the United States to

14   establish both elements of subject matter jurisdiction; where it has failed to do so, "dismissal of

15   the action is required."  Id.

16             Similarly, the Eleventh Amendment bars suits against a state, absent the state's

17   affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v.

18   Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318

19   F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176

20   F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of

21   Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against

22   the State or its agencies for all types of relief, absent unequivocal consent by the state.").

23             To be a valid waiver of sovereign immunity, a state's consent to suit must be

24   "unequivocally expressed in the statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  See

25   also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no

26   consent by implication or by use of ambiguous language."  United States v. N.Y. Rayon

1   Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption

2   against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers

3   "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory]

4   language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations,

5   ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable

6   for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously

7   to such monetary claims." Lane, 518 U.S. at 192.  The Ninth Circuit has specifically recognized

8   that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to

9   claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was

10  not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept.

11  of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020,

12  1025-26 (9th Cir. 1999)).

13           Here, plaintiff's amended complaint fails to establish that either defendant has

14  waived its sovereign immunity with respect to the claims advanced in this action.

15                                              LEAVE TO AMEND

16           For the reasons stated above, plaintiff's amended complaint fails to state a claim

17  on which relief may be granted.  The court has carefully considered whether plaintiff may further

18  amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for

19  denying leave to amend include undue delay, bad faith, prejudice, and futility." California

20  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

21  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

22  (holding that while leave to amend shall be freely given, the court does not have to allow futile

23  amendments).  In light of the nature of plaintiff's allegations and the deficiencies noted above,

24  /////

25  /////

26  /////

1    the court finds that it would be futile to grant plaintiff leave to further amend.[4]

2           Accordingly, IT IS HEREBY ORDERED that plaintiff's January 17, 2013 motion

3    for emergency relief (Doc. No. 3) is denied.

4           Also, IT IS HEREBY RECOMMENDED that:

5           1.  Plaintiff's January 17, 2013 application to proceed in forma pauperis (Doc. No.

6    2) be denied;

7           2.  Plaintiff's January 18, 2013 amended complaint (Doc. No. 4) be dismissed

8    without leave to amend; and

9           3.  This action be closed.

10          These findings and recommendations will be submitted to the United States

11   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

12   fourteen (14) days after being served with these findings and recommendations, plaintiff may file

13   written objections with the court.  A document containing objections should be titled "Objections

14   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15   objections within the specified time may, under certain circumstances, waive the right to appeal

16   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: June 13, 2013.

18

19                                        _____
                                          DALE A. DROZD
20                                        UNITED STATES MAGISTRATE JUDGE

21   DAD:6
     Ddad1\orders.pro se\wooten0104.ifp.den.f&rs
22

23       [4]  On February 5, 2013, plaintiff filed a proposed second amended complaint. (Doc. No.
     5.)  In doing so plaintiff failed to comply with Rule 15 of the Federal Rules of Civil Procedure.
24   Nonetheless, in light of plaintiff's pro se status, the Court has reviewed the proposed second
     amended complaint and determined that granting leave to further amend would be futile.  In this
25   regard, the proposed second amended complaint is substantially similar to his amended
     complaint and the deficiencies found in the amended complaint are also found in the proposed
26   second amended complaint.